# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT L. SERIER,

    Plaintiff,

vs.                                                                                                                             CIV-03-0242 JC/LCS

PHILLIPS SEMICONDUCTORS, INC.,
a foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment, filed December 16, 2003 (*Doc. 22*). The Court, having reviewed the motion, the submissions by the parties, and the relevant law, finds the motion well-taken and it is, therefore, granted.

## I.    Background

Plaintiff was employed by Phillips Semiconductors, Inc. ("Defendant" or "company") in its Albuquerque facility's Site Support Production Control Group from March 14, 1973 until September 2002, at which time Defendant terminated his employment. Plaintiff's termination came as part of a reduction and reorganization plan in Defendant's Albuquerque plant, which culminated in the plant's closure in November 2003.[1] Specifically, Plaintiff's work group was merged with another group and many positions were eliminated. Ron Roberts, a supervising employee, was charged with choosing between Plaintiff and Lawrence Hahn for retention in the downsize. Roberts determined

---

[1]The parties commonly refer to the relevant part of this reorganization effort as "RIF," an acronym for "reduction in force," for which Defendant has a written policy.

that Hahn possessed better qualifications for performing the data management and planning tasks that would be required under the reorganization plan, and that Hahn was a better all around choice for the company's future. Hahn was 36 years old, had been with the company for eight years, and had received some of his training from Plaintiff. Hahn was earning approximately one-half the salary Plaintiff earned at the time of the decision.

For the duration of Plaintiff's employment with Defendant, his job performance had been evaluated as at least satisfactory. Plaintiff was 57 years old and had been participating in the company's pension plan for 24 years. The company operates under the "Rule of 85," meaning an employee becomes vested in retirement when the employee's age and years of eligible[2] service combine to equal eighty-five. At the time of his termination, Plaintiff inquired of human resources manager Emily Stone whether the company planned to offer him any type of early retirement package.[3] Ms. Stone told Plaintiff that the company did not intend to make him such an offer, as Plaintiff was four years shy of vesting, which was too great a gap for the company to bridge. Defendant offered Plaintiff a severance package equivalent to 26 weeks of his salary. Plaintiff declined acceptance of the package and initiated this action, filing his Complaint for Employment Discrimination on the Basis of Age and Breach of Contract on February 24, 2003 (*Doc. 1*).

---

[2]"Eligible" meaning the years of employment during which an employee has been enrolled and participating in the pension plan. Plaintiff did not enroll until February 6, 1978, though his employment commenced on March 14, 1973. At the time of hire, Plaintiff declined optional enrollment in the plan by signing a "Pension Waiver Form." Three years prior to Plaintiff's layoff, some confusion regarding his enrollment date had been reflected in his pension estimates; it was both clarified and corrected at that time.

[3] Plaintiff was aware of two past employees for whom the company had, under markedly different circumstances, made some provision (one was Plaintiff's wife), though both were less than two years shy of meeting the Rule. Regardless, though Defendant includes this information in his briefs, he repudiates it as the basis for his claims. Serier Depo. at 52, 53.

## II.     Standard of Review

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party. *Id*. The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

## III. Discussion

### A. *ADEA Claim*

In Count I, Plaintiff alleges that Defendant "discriminated against [him] in the terms and conditions of his employment on the basis of his age in violation of the ADEA." Compl. at 3. The Age Discrimination in Employment Act ("ADEA") states, in pertinent part, that "it shall be unlawful for an employer... to fail or refuse to hire or to discharge any individual...because of such individual's age." 29 U.S.C. 623(a)(1). Recognizing that evidence of discrimination in most contexts will be indirect or circumstantial, the Tenth Circuit employs the three-stage analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981) where, as here, no direct evidence of age discrimination exists[4]. *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir. 1988). This burden-shifting approach is calculated to afford plaintiffs a fair and reasonable means by which to prove their case. *Id.* At the first stage of the *McDonnell Douglas* analysis, Plaintiff must make a prima facie case of discrimination. Specifically, he must show (1) that he is within the protected age group (individuals who are at least forty years of age, 29 U.S.C. § 631(a)); (2) that he was doing satisfactory work; (3) that he was discharged; and (4) that a younger person replaced him[5]. *Denison*

---

[4] Plaintiff acknowledges in his deposition that he has no evidence showing Roberts made the decision to let him go based on his age. Serier Depo. at 82, line 16. ("I have nothing"). Viewed in the light most favorable to Plaintiff, his statement can be interpreted to mean that he has no *direct* evidence.

[5] In typical reduction-in-force ("RIF") cases, plaintiffs are terminated and usually cannot prove actual replacement by a younger employee. Consequently, courts have modified this fourth element by requiring the plaintiff to "produc[e] evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the [termination] decision at issue." *See*, *e.g.*, *Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir. 1981), *cert. denied*, 455 U.S. 943, 71 L. Ed. 2d 655, 102 S. Ct. 1439 (1982). This

4

*v. Swaco Geolograph Co.,* 941 F.2d 1416, 1420 (10th Cir. 1991) (quoting *Lucas v. Dover Corp.,* 857 F.2d 1397, 1400 (10th Cir. 1988)). If Plaintiff satisfies all four of the prima facie requirements, the analysis moves to the second stage where the burden shifts to Defendant to present a legitimate, nondiscriminatory reason for its action. Finally, if Defendant sufficiently discharges its burden, the third stage of the analysis requires Plaintiff to show that age was a determining factor in Defendant's employment decision such that Defendant's proffered justification under the second prong is pretext for unlawful discrimination. Plaintiff's failure to discredit Defendant's "legitimate" reason for termination with evidence of pretext will entitle Defendant to judgment as a matter of law. *See, e.g., Denison*, 941 F.2d at 1421.

Plaintiff has met his initial burden to present sufficient evidence for a prima facie case of discrimination. He was 57 years old at the time of termination, his work evaluations had always been satisfactory, his employment was terminated by Defendant, and thirty-six year old Hahn was chosen for retention over Plaintiff. Defendant has offered several nondiscriminatory reasons for retaining Mr. Hahn over Plaintiff. Defendant asserts that its decision was based upon an extensive evaluation of Plaintiff's job skills, the skills of other employees, the company's need to eliminate duplication (both Plaintiff and Hahn worked in data management) and the future needs of the company. Roberts Depo. at 35. Regarding specific skills, Defendant asserts that Plaintiff's area of expertise was on the Legacy/Focus data management system, which was becoming obsolete, while Hahn was also adept in another system called Access. Roberts considered the Access reports he received from Hahn superior to those generated by Plaintiff. *Id.*

---

element may be established through circumstantial evidence that the plaintiff was treated less favorably than younger employees during the reduction-in-force. *See, e.g.*, *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 643-45 (5th Cir. 1985).

The live issue here is whether Plaintiff has sufficiently challenged Defendant's proffered reasons such that a reasonable trier of fact might find age to have been a determining factor in the employment decision. The relevant inquiry is not whether Defendant's actions were wise, fair or correct, but whether Defendant honestly believed those reasons and acted in good faith on those beliefs. *Bullington v. United Airlines, Inc.*, 186 F.3d 1303 (10th Cir.1999).

On some level, Plaintiff evidently believes he was impermissibly rejected as a candidate for retention based on his age or he would not bring this claim, though portions of Plaintiff's deposition testimony create doubt regarding his own resolve. Plaintiff states that he does not believe Roberts was biased against older employees generally, he never heard Roberts make ageist slurs or comments, he does not believe Roberts was biased against him personally because of his age, that Roberts himself is fifty-three years old and, thus, falls within the protected age group, that he does not believe there was any company conspiracy to eliminate employees over forty years old, and that he believed Hahn was an excellent employee who should be retained by the company at all cost. Serier Depo. at 75, 76, 82, 110. These and other statements notwithstanding, Plaintiff also asserts his belief that he possessed the same skills as Hahn and was terminated because he earned a higher salary. A determination based on salary, Plaintiff concludes, is tantamount to a decision impermissibly based on age. However, it is solely the perception of the decision maker which is relevant, not a plaintiff's perception of himself. *Branson V. Price River Coal Co.*, 853 F.2d 768 (10th Cir. 1988) (citing *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980)). Moreover, insofar as Defendant may have taken account of Plaintiff's salary as a factor, a proposition for which Plaintiff offers no competent summary judgment evidence, the ADEA does not necessarily prohibit an employer from making employment decisions based on salary differentials just because salaries often correlate with age. In *Hazen Paper*

*v. Biggins*, 507 U.S. 604, 612 (1993), the Court held that "because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age-based'." In light of *Hazen Paper*, even assuming for purposes of summary judgment analysis that salary differential was taken into account by Roberts, which he denies, it does not necessarily follow that Roberts' decision was age-based. Moreover, common sense alone dictates that an employer needing to dramatically downscale and cut expenses can consider the effect personnel decisions will have on its payroll without necessarily exposing itself to liability for age discrimination.

Plaintiff also relies for evidence of pretext on the deposition of his former supervisor, Cherie Omanson, in which she expounds upon Plaintiff's virtues as an employee and states that Plaintiff would have been her choice for retention had the ultimate decision been hers to make (which it was not). Omanson Depo. at 10-13. She further states that she communicated her favorable opinion of Plaintiff to Roberts. *Id.* at 21. Plaintiff next directs the Court to Hahn's deposition testimony, noting Hahn's own surprise at being chosen over Plaintiff for retention because Plaintiff enjoyed seniority over him. Hahn Depo. at 17, lines 1-7. As Defendant correctly points out, however, the mere fact that witnesses may disagree with an employer's evaluation as to who is the best qualified employee to retain in a RIF is insufficient as a basis for sustaining a finding of discrimination. *Lucas v. Dover Corp.*, *Norris Div.,* 857 F.2d 1397, 1403 (10th Cir. 1988). Moreover, evidence which is a mere suggestion of pretext is insufficient grounds for resisting a summary judgment motion. *Brown v. Evans*, 85 Fed. Appx. 135 (10th Cir. 2004). To avoid summary judgment, a party must produce "specific facts showing that there remains a genuine issue for trial" and evidence "'significantly probative' as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.*, 703 F.2d 392,

393 (9th Cir. 1983) (quoting *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979), *cert. denied*, 445 U.S. 951 (1980)). None of Plaintiff's evidence creates a genuine issue of material fact that Roberts had reasons other than those he stated for choosing to retain Hahn instead of Plaintiff. What amounts to Plaintiff's mere conjecture that Defendant's explanation is pretext for age discrimination cannot provide a proper basis for denial of Defendant's motion for summary judgment.

In summary, Plaintiff has offered neither direct evidence of age discrimination nor evidence sufficient to establish that he was terminated under circumstances giving rise to an inference of age discrimination. To the contrary, the undisputed evidence indicates that Defendant's decision to terminate Plaintiff and retain Hahn was based on legitimate business factors. Therefore, Defendant's motion is granted as to Plaintiff's ADEA claim.

B.     *Contract Claim*

In Count II of his complaint, Plaintiff alleges that "Defendant's employment policies and procedures required Defendant to retain the most qualified, experienced and skilled employees in a RIF" such that an implied contract was created and subsequently breached by Defendant when "Defendant terminated Plaintiff and retained a younger, less qualified employee." Compl. at 4.

New Mexico is an at-will employment state. The general rule is that an employment contract exists for an indefinite period and is terminable at the will of either party unless the contract is supported by consideration beyond the performance of duties and payment of wages or there is an express contractual provision stating otherwise. *Hartbarger v. Frank Paxton Co.,* 115 N.M. 665 (1993). An at-will employment relationship can be terminated at any time, for any or no reason, by either party without giving rise to liablity. *Melnick v. State Farm Mutual Auto Ins. Co., 106 N.M.*

8

*726, 730* (1988). There are two exceptions to at-will employment in New Mexico: (1) wrongful discharge in violation of public policy ; and (2) an implied contract term that restricts the employer's power to discharge. *Hartberger*, 115 N.M. at 668. It appears from his complaint that Plaintiff seeks to invoke the latter.

For Plaintiff to survive summary judgment on a claim that the at-will employment doctrine has been altered, he must first provide facts sufficient to establish a genuine issue regarding whether Defendant's policy pertaining to RIF procedures supports the existence of a promise or an offer evincing an intent to create a contract. *Id.*. Curiously, however, Defendant testified at deposition that he had no recollection of ever even seeing company policy number 509 ("Policy 509"), the document containing Defendant's written policy and procedure for a RIF. Serier Depo. at 68, line 7. Plaintiff also states that he does not contend that he enjoyed a contractual relationship with Defendant based on Policy 509. *Id.* at 11-20. In particular, when asked directly, "you're not contending that this policy creates a contract with you to retain you if you're objectively the best qualified?" Plaintiff responded, "I'm not contending that." *Id.* at 68, line 14. In light of Plaintiff's testimony denying any belief that there was a contract based on Defendant's RIF policy such that the at-will doctrine was altered, the Court finds it unnecessary to engage in a more extensive analysis of his contract claim, which would bear out the same, inevitable result. There is no cause of action sounding in contract on the undisputed facts of this case. Thus, Count II of Plaintiff's claim must be dismissed.

Wherefore,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, filed December 16, 2003 (*Doc. 22*) is GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

9

**IT IS FURTHER ORDERED that jury selection and trial scheduled on May 11, 2004 at 8:30 a.m. are vacated from the Court's docket.**

Dated this April 20, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Attorney for Plaintiff:

>Donald G. Gilpin, Esq.
>Gilpin & Keefe, P.C.
>Albuquerque, New Mexico

Attorneys for Defendant:

>Duane C. Gilkey, Esq.
>George C. Kraehe, Esq.
>Gilkey & Stephenson, P.A.