# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT L. SERIER,

       Plaintiff,

vs.                                                                                     CIV- 0300242- JC/LCS

PHILLIPS SEMICONDUCTORS, INC.,
a foreign corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Tax Costs, filed April 23, 2004 (*Doc. 32*). Having considered the motion, submissions by the parties and the applicable law, the Court finds the motion well taken and it is, therefore, granted.

Pursuant to this Court's Final Order, filed April 20, 2004 (*Doc. 31*) and D.N.M. LR-Cv 54.1, Defendant presently moves the Court to assess the following costs, reasonably and necessarily incurred in connection with the Court's entry on April 20, 2004 of its Final Order in Defendant's favor and against Plaintiff:

(1)    Cost of original deposition of Robert Serier in the amount of $591.44;

(2)    Cost of copies for depositions in the taxable amounts of $76.00 for Ron Roberts, $112.00 for Cherie Omanson, and $72.00 for Larry Hahn;

(3)    For a total taxable cost of $871.21.

Plaintiff objects to Defendant's motion insofar as it seeks reimbursement for obtaining a copy of Larry Hahn's deposition ($72.00). Plaintiff claims that the deposition of Larry Hahn was not used as an

exhibit in Defendant's Motion for summary Judgment or in Defendant's Reply brief related thereto. Therefore, Plaintiff argues, it is not allowed under D.N.M. LR-Cv 54.2. Plaintiff is incorrect.

Local Rule 54.2 provides in pertinent part: "A deposition is reasonably necessary to the litigation when...(B) the deposition is used by the Court in ruling on a motion for summary Judgment." D.N.M.LR-Cv 54.2. As Defendant has correctly identified, the Court relied in part upon Larry Hahn's deposition when ruling on Defendant's Motion for Summary Judgment, filed December 16, 2003 (*Doc. 23*), as follows:

> Plaintiff next directs the Court to Hahn's deposition testimony, noting Hahn's own surprise at being chosen over Plaintiff for retention because Plaintiff enjoyed seniority over him. Hahn Depo. at 17, lines 1-7. As Defendant correctly points out, however, the mere fact that witnesses may disagree with an employer's evaluation as to who is the best qualified employee to retain in a RIF is insufficient as a basis for sustaining a finding of discrimination. *Lucas v. Dover Corp.*, *Norris Div.,* 857 F.2d 1397, 1403 (10th Cir. 1988).

Memorandum Opinion and Order, filed April 20, 2004 (*Doc. 30*). Accordingly, Defendant is entitled to recover the cost of obtaining a copy of Larry Hahn's deposition in the amount of $72.00, as well as the other costs as itemized in Defendant's motion and reiterated above.

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Tax Costs, filed April 23, 2004, is granted and costs are hereby assessed against Plaintiff and in favor of Defendant in the total amount of $871.21.

Dated May 12, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE